1

2

3

4

5

6

7

8

9

10

11

12

13

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL SATTARI,                              )
                                              )
                    Plaintiff,                )        Case No.   2:09-cv-00769-RLH-GWF
                                              )
vs.                                           )        **ORDER**
                                              )
CITI MORTGAGE,                                )        Motion to Compel (#44)
                                              )        Counter-Motion to Compel (#53)
                    Defendant.                )
_____)

14       This matter is before the Court on Defendant Citimortgage, Inc.'s Motion to Compel Plaintiff's

15 Responses to Unanswered Interrogatories and Unanswered Requests for Production of Documents

16 (#44), filed August 24, 2010; Plaintiff's Opposition to Defendant Citimortgage's Motion to Compel to

17 Unanswered Interrogatories and Unanswered Requests for Production (#49), filed September 20, 2010;

18 Plaintiff's Countermotion to Compel Defendant to Answer Plaintiff's Interrogatories and Requests for

19 Production (#53), filed September 20, 2010; Defendant Citimortgage, Inc.'s Reply in Support of Its

20 Motion to Compel Plaintiff's Responses to Unanswered Interrogatories and Unanswered Requests for

21 Production of Documents and Opposition to Plaintiff's Counter motion to Compel Defendant to

22 Answer Plaintiff's Interrogatories and Requests for Production (#50), filed September 23, 2010.  The

23 Court held a hearing on this matter on September 27, 2010.

24       **1.      Citimortgage, Inc.'s Motion to Compel (#44)**

25       Defendant Citimortgage, Inc. ("Citimortgage") requests that this Court compel Plaintiff to

26 respond to its requests for production and interrogatories, which Citimortgage argues are relevant and

27 reasonable as they go to the heart of Plaintiff's claims and Citimortgage's potential defenses.  (#44).

28 Plaintiff responds that Defendant's requests are unduly burdensome and not relevant.  (#49).  Upon

review of the discovery requests at issue, the Court finds that they seek specific information related to Plaintiff's income, expenses and credit information.  Defendant's inquiries are related to Plaintiff's fraud claim, unfair business practices claim and the allegation that Defendant's actions have harmed Plaintiff's credit.  As a result, the Court finds that Citimortgage's requests for production and interrogatories are relevant and not unduly burdensome.  Plaintiff will be ordered to substantively respond to the discovery requests.

**2.      Sattari's Counter-Motion to Compel (#53)**

Plaintiff similarly seeks the Court's intervention to compel Citimortgage to respond to his interrogatories and requests for production.  (#53).  Defendant responded to Plaintiff's discovery requests in a timely manner, but asserted various objections.

**a.      Interrogatories**

Before examining Plaintiff's interrogatories for relevance and reasonableness, the Court will offer a brief discussion of the proper scope of interrogatories as Plaintiff is proceeding *pro se*.

When preparing interrogatories, each "interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D.Kan. 1997)(citing William W. Schwarzer, *et. al.*, CIVIL DISCOVERY AND MANDATORY DISCLOSURE: A GUIDE TO EFFICIENT PRACTICE, 4-5 to 4-7 (2d ed. 1994)).  Interrogatories "should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial." *Id.*  When propounding interrogatories, a party "should have clearly in mind what information he seeks and what he intends to do with it." *Id.*  In addition, interrogatories "should be targeted at discrete issues, rather than blanketing the case, and should be few in number." *Id.*  Courts look askance at "sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." *Hilt*, 170 F.R.D. at 188.

District courts have broad discretion in deciding whether particular interrogatories are unduly burdensome or overly broad and should not be answered.  Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2176 at 77 (3rd ed. 2010).  In ruling on such objections, courts

2

1   apply a proportionality approach that balances the burden on the interrogated party against the benefit

2   that having the information would provide to the party submitting the interrogatory.  An objection may

3   be sustained if the interrogatory objected to is adequately covered by other interrogatories.  *Id.* § 2174 at

4   64-69.

5           Plaintiff requests that the Court compel Defendants to substantively respond to interrogatories

6   No. 1, 4, 5 and 6.  (#53 at 5-6).  The Court will now examine the interrogatories at issue and

7   Defendant's responses to determine whether Defendant should be compelled to supplement its

8   responses:

9           **Interrogatory No. 1:**  Objections upheld as vague and ambiguous.

10          Plaintiff requests that Defendant identify the person "in charge of Defendant" who will answer

11  the interrogatories.  (#53 at 9).  Defendant objected to the interrogatory as vague and ambiguous as to

12  the phrase "in charge of Defendant".[1]  (*Id.*)  The Court finds that Plaintiff's phrasing of the interrogatory

13  makes this request confusing.  It is unclear whether Plaintiff merely requests the name of the person

14  answering the discovery requests for Citimortgage or whether he wants the names of management at

15  Citimortgage who could be considered to be "in charge" of the defendant.  Defendant is not required to

16  puzzle out what Plaintiff intended to say in his interrogatory.  An interrogatory should consist of a brief,

17  simple, direct and unambiguous question.  *See Hilt*, 170 F.R.D. at 187.  As a result, the Court upholds

18  Defendant's objections as the request is vague and ambiguous.

19          The Court notes, however, that to the extent that Plaintiff merely sought the name of the person

20  who prepared responses to the interrogatories, Defendant did provide such information after raising

21  various objections.  (*See* #53 at 9).

22          **Interrogatory No. 4:**  Objections are overruled.

23          Plaintiff requests that Defendant "state the assets and liabilities of Citimortgage".  (#53 at 10).

24  Defendant objects that the interrogatory is not relevant to any party's claims or defenses, is intended to

25  vex and harass Citimortgage and an undue burden for Defendant to produce as the information is a

26  _____

27          [1] As the Court has upheld Defendant's vague and ambiguous objections to Interrogatory No. 1,
    the Court will not address Defendant's second objection to the discovery request as improperly
28  attempting to state a legal conclusion.

matter of public record. (*Id.*)  The Court finds that the financial information sought may be relevant to Plaintiff's claims for fraud and unfair business practices.[2]  Plaintiff's Amended Complaint seeks punitive damages related to these claims. (#25 at 9).  A company's net worth and financial condition are relevant and admissible to establish the appropriate amount of punitive damages. *See City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 270 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D.Cal.1998) (evidence of net worth crucial to issue of punitive damages); *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir.1999) (under federal law, evidence of defendant's financial worth traditionally admissible for purpose of evaluating amount of punitive damages).  Therefore, the Court finds that the information is potentially relevant and within the scope of discovery and the Court will overrule Defendant's relevance objection.  As the financial information is relevant to Plaintiff's claims, the Court also finds that the interrogatory is not intended to harass or vex Citimortgage.  The Court will therefore overrule this objection.

Defendant also argues that it is an undue burden on them to have to provide Plaintiff with financial information because it is public record.  In determining whether an interrogatory is an undue burden, the Court must weigh the burden to the respondent against how reasonable it is to require the requesting party to obtain the records through other means.  In this instance, Plaintiff might obtain the financial information at issue by requesting them from a state or federal agency to which Citimortgage is required to file annual reports.  However, Defendant created the most recent annual financial reports that were filed with these agencies and the burden is minimal for Citimortgage to produce its own annual financial report.  Defendant's undue burden objection is overruled.  Citimortgage shall produce to Plaintiff a copy of its most recent financial statement that it regularly makes available to the public.

. . .

. . .

---

[2] On March 3, 2010, the Court granted in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (#35).  The Court dismissed several of Plaintiff's claims, but Plaintiff's claims for fraud and unfair business practices survived.  (*Id.*)

4

1     **Interrogatories No. 5-6:**    Objections upheld as the interrogatories are overly broad, unduly

2     burdensome and not relevant to any party's claims or defenses.

3     In interrogatory number five (5), Plaintiff requests that Defendant state the number of lawsuits

4 filed against Citimortgage since January 2006, as well as the number of these lawsuits that have been

5 settled out of Court and remain pending. (#53 at 10). Defendant objects to the interrogatory on the

6 basis that it is overly broad, creates an undue burden, is intended to vex or harass Defendant and is not

7 relevant to any party's claims or defenses.[3] (*Id.* at 10-11). Asking Defendant to calculate the total

8 number of lawsuits, as well as settled and pending lawsuits, over a four year period without any

9 geographical or subject matter limitation is an unduly burdensome request. Defendant's objection is

10 upheld as Plaintiff's interrogatory is unreasonably broad and puts an undue burden on Citimortgage.

11     Additionally, Plaintiff has failed to demonstrate that the interrogatory is relevant to any party's

12 claims or defenses. He argues that the interrogatory is intended to "establish the pattern of predatory

13 and fraudulent conduct of Defendant". (*Id.* at 5). However, Plaintiff has failed to show how the

14 number of lawsuits where Citimortgage has been named as a defendant might demonstrate that

15 Citimortgage has engaged in alleged fraudulent conduct. The defendant may have been named in

16 numerous lawsuits based on non-fraudulent business conduct or based on the frivolous claims. As a

17 result, the Court finds that Plaintiff's interrogatory is not relevant to any party's claim or defense and

18 Defendant's objection is upheld.

19     For similar reasons, the Court upholds Defendant's objections to interrogatory number six (6),

20 in which Plaintiff requests the number of foreclosures instituted against Citimortgage homeowners

21 since 2006 and how many are settled and pending. (#53 at 11-12). As discussed above, the requests are

22 not limited by geography or subject matter and are therefore overly broad and create an undue burden

23 on Citimortgage. In addition, Plaintiff has failed to demonstrate how such calculations are relevant to

24 any party's claims or defenses in this action. Defendant's overly broad, undue burden and relevance

25 objections are upheld.

26

27         [3] As the Court has upheld Defendant's overly broad, unduly burdensome and relevance

28 objections to Interrogatories number 5-6, the Court will not address Defendant's additional objections.

1

**b.      Requests for Production**

2       Plaintiff's countermotion also requests that the Court order Defendant to produce documents in

3   response to his requests for production. (#53 at 6).  Mr. Sattari seeks "certified copies of all documents

4   pertaining to the origination of Plaintiff's mortgage and procurement of Original note".  (*Id.*)

5   Defendant responds that it has provided Plaintiff with all of these documents as digitally scanned .pdf

6   files on 2 CDs. (#50 at 6).  Plaintiff argues that he is unable to use the CDs provided and that modern

7   technology is burdensome for him.  (#49 at 6).  While the plaintiff may not be familiar with the

8   technology involved in electronic discovery, under the Federal Rules of Civil Procedure, a party may

9   disclose documents in electronic form.  *See* Fed.R.Civ.P. 34(b)(2)(E).  As Defendant's disclosure of the

10  documents requested by CD is in compliance with the Rules, Plaintiff's request for the Court to compel

11  Defendant to produce the documents in paper form will be denied.

12      As the Court suggested to Plaintiff during the hearing on this matter, Plaintiff may be able to

13  find assistance to view the electronic discovery at a local library, copy center business or other business

14  that deals in electronic discovery.  Accordingly,

15      **IT IS HEREBY ORDERED** that Defendant Citimortgage, Inc.'s Motion to Compel Plaintiff's

16  Responses to Unanswered Interrogatories and Unanswered Requests for Production of Documents

17  (#44) is **granted**.  Plaintiff shall substantively respond to Defendant's discovery requests on or before

18  **November 30, 2010**.

19      **IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Compel Defendant to Answer

20  Plaintiff's Interrogatories and Requests for Production (#53) is **granted in part** and **denied in part** as

21  follows:

22      1.      Defendant's objections to Plaintiff's interrogatory no. 4 are overruled.  Citimortgage

23              shall produce a copy of its most recent annual financial statement that it regularly makes

24              available to the public on or before **November 30, 2010**.

25  . . .

26  . . .

27  . . .

28  . . .

2.      Defendant's objections to Plaintiff's requests for production and interrogatories no. 1, 5 and 6 are upheld and Defendant is not required to respond further.

DATED this 16th day of November, 2010.

_____
GEORGE FOLEY, JR.
**United States Magistrate Judge**