UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL SATTARI, | Case No.: 2:09-cv-00769-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#54; Motion to Strike–#67) |
| CITIMORTGAGE, a California Corporation DOES I through X ROES I through X, | |
| Defendants. | |

Before the Court is Defendant CitiMortgage, Inc.'s **Motion for Summary Judgment** (#54), filed October 14, 2010. The Court has also considered Plaintiff Michael Sattari's Opposition (#63), filed November 29, 2010, and CitiMortgage's Reply (#64), filed December 15, 2010.

Also before the Court is CitiMortgage's **Motion to Strike** (#67), filed January 13, 2011. The Court has also considered Sattari's Response (#69), filed January 24, 2011, and CitiMortgage's Reply (#70), filed February 2, 2011.

**BACKGROUND**

In June 2006, Sattari purchased the real property located at 6537 Ruby Red Circle, Las Vegas, Nevada, 89108 ("the Property"). On July 7, 2006, in order to secure financing for the

1

Property, Sattari signed an Adjustable Rate Balloon Note ("the Note"), promising to pay $218,800.00 at an initial interest rate of 7% with rate adjustments to begin August 1, 2008 and every six months thereafter. The Note was secured by a deed of trust, which listed Sattari as the trustor and CIT Group, Inc. as the lender.

On July 22, 2008, Sattari was notified by a representative of CitiMortgage via phone that his loan payments would be changing in August 2008 in accordance with the Note. Shortly thereafter, Sattari inquired about lowering the interest rate on the loan. CitiMortgage allegedly told Sattari that it would delay foreclosure on the Property for 180 days while it negotiated a loan modification with him. Sattari interpreted this statement as an instruction to stop making payments on his loan in order to avoid foreclosure. He missed his first payment on August 1, but on January 31, 2009, Sattari called CitiMortgage and requested a principle reduction.

On February 4, 2009, a Notice of Breach and Default was filed with the Clark County Recorder's Office. Four days later on February 9, Sattari signed and submitted to CitiMortgage a "Hardship Assistance Package." Later Sattari told CitiMortgage that he wanted his interest rate lowered because his property value went down. CitiMortgage denied Sattari's request based on his stated income. A second review of Sattari's application revealed that Sattari could not afford the loan payments even under a short-term temporary hardship modification.

On April 30, 2009, Sattari filed a complaint in this Court alleging the following claims: (1) quiet title; (2) wrongful foreclosure; (3) unfair business practices; (4) breach of oral agreement; (5) negligence; (6) negligent infliction of emotional distress; (7) civil conspiracy; and (8) fraudulent and predatory misconduct with malice aforethought. On March 3, 2010, the Court partially granted and denied CitiMortgage's Motion to Dismiss (#29). The Court found that Sattari stated valid claims for unfair business practices and fraud,[1] but dismissed all other claims. (Dkt. #35, Hr'g Mins.) Now before the Court is CitiMortgage's motion to strike and motion for

---

[1] The Court interpreted the claim for fraudulent and predatory misconduct with malice aforethought as a basic claim of fraud.

2

summary judgment. For the reasons stated below, the Court grants CitiMortgage's motions and enters summary judgment against Sattari's claims.

## DISCUSSION

### I.     CitiMortgage's Motion to Strike

On December 28, 2010, Sattari filed a Supplement (#65) to his response to CitiMortgage's Motion for Summary Judgment without leave of court. Rule 7-2(a)-(c) of the Local Rules of Practice permits a motion, a response, and a reply. No provision is made for the filing of a sur-reply. Therefore, sur-replies such as Sattari's are not sanctioned by either the Local Rules or the Federal Rules of Civil Procedure. *See, e.g.*, *Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (holding that the Federal Rules of Civil Procedure do not authorize sur-replies). Accordingly, the Court grants CitiMortgage's motion and strikes Sattari's supplement.

### II.    CitiMortgage's Motion for Summary Judgment

#### A.     Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury

3

or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Fraud**

Sattari alleges that, in August 2008, CitiMortgage instructed him to cease making payments on his loan for 180 days in order to modify his loan, but then reneged on this alleged promise by secretly attempting to foreclose on the Property. Under Nevada law, a claim for fraud under these facts requires a party to prove each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant had an insufficient basis for making the representation); (3) intent to induce the plaintiff

4

to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004). "Where an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper." *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Sims v. General Telephone & Electric*, 815 P.2d 151 (1991)).

Sattari's claim fails as a matter of law because he has failed to demonstrate a valid agreement not to foreclose. In other words, he proffers insufficient evidence to show that CitiMortgage told him it would not foreclosure on his property. CitiMortgage provides call logs showing numerous attempts to contact Sattari about his delinquent loan payments from October through December 2008. Additionally, Sattari admits that he received proper notification of the non-judicial foreclosure proceedings. In an effort to forestall foreclosure, Sattari submitted a Hardship Assistance Package in February 2009. As the moving party, CitiMortgage has proffered facts showing significant efforts to assist Sattari with modifying his loan and notifying him of the current status of the foreclosure proceedings.

Conversely, other than his own self-serving testimony, Sattari does not provide any evidence of an agreement in which CitiMortgage instructs him to forego mortgage payments to qualify for modification and avoid foreclosure. He has not submitted any evidence, including deposition testimony from witnesses or loan modification advisors, showing evidence of the alleged false representation. Furthermore, he can not point to a specific date when the representation was made. *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations"); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994). In fact, the only evidence Sattari intends to present at trial is the hearsay testimony of individuals who seem to have no personal knowledge of the parties' negotiations. "[U]ncorroborated and self-serving testimony," without more, will not

create a "genuine issue" of material fact precluding summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Thus, Sattari has failed to show specific evidence to prevail on this claim at trial.

Furthermore, even if Sattari had shown an oral forbearance agreement, such an agreement would be unenforceable under the statute of frauds. Generally, agreements related to interests in real property are void unless in writing and signed by the party being charged. *See* NRS §§ 111.210; 111.220; *Dasco, Inc. v. Am. City Bank & Trust Co.*, 429 F. Supp. 767, 769 n.1 (D. Nev. 1977). Furthermore, the vast majority of states agree that an oral forbearance agreement falls within the statute of frauds, such that it must be in writing to be enforceable. *See, e.g.*, 14-81 Powell on Real Property § 81.02[2][d]. There can be no justifiable reliance on a promise that is unenforceable at the time it is made. Thus, Sattari cannot satisfy the justifiable reliance element of his fraud-based claim. Because Sattari could not have justifiably relied on an unenforceable agreement, his fraud claim fails as a matter of law. Accordingly, the Court grants CitiMortgage's motion as to this claim.

**C.      Deceptive Trade Practices**

Sattari alleges that CitiMortgage violated several provisions of Nevada's Unfair Trade Practice Statute, NRS § 598, by inducing him to miss payments by promising to modify his mortgage, mailing him a modification document, and then attempting to foreclose on the Property.

A person alleged to be a victim of a deceptive trade practice may bring a consumer fraud action. *See* NRS § 41.600(1) and (2)(e); *see, e.g.*, *Windisch v. Hometown Health Plan, Inc.* 2010 WL 786518 *7 (D. Nev. March 5, 2010). A claim for consumer fraud requires the plaintiff to prove: (1) an act of consumer fraud by the defendant; that (2) caused; (3) damage to the plaintiff. *See Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651 (D. Nev. 2009). Consumer fraud is, inter alia, "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS § 41.600(2)(e). Specifically, under the Nevada Unfair Trade Practices statute, it is a deceptive trade

6

1   practice to "knowingly make[] . . . a false representation in a transaction." *Id.* § 598.0915(15).[2] It
2   is also a deceptive trade practice under the statute to engage in "bait and switch" advertising in
3   which the advertiser makes an "offer to sell or lease goods or services which the seller or lessor in
4   truth may not intend or desire to sell or lease." *Id.* § 598.0917.

5         As explained previously, Sattari has failed to show a genuine issue of material fact
6   on his fraud claim because there is no evidence that CitiMortgage made a false representation.
7   This claim necessarily fails for the same reason. Sattari offers no proof to suggest that mere
8   requests to modify his loan constituted an agreement to delay foreclosure. However, Sattari
9   acknowledges receiving proper notice of the foreclosure action. Accordingly, the Court grants
10  summary judgment against Sattari's claim for deceptive trade practices.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that CitiMortgage's Motion to Strike (#67) is GRANTED.

IT IS FURTHER ORDERED that CitiMortgage's Motion for Summary Judgment (#54) is GRANTED. The Clerk of the Court is instructed to close this case.

Dated: March 23, 2011.

_____
ROGER L. HUNT
**Chief United States District Judge**

---

[2] Although Sattari never specifically cites to NRS 598.0915(15) or NRS 598.0917, this Court has determined that Sattari's factual allegations point towards these provisions.